IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| **PJF LIMITED (FAMILY) PARTNERSHIP,** ) | |
| ) | **Case No: 21-10632-BFK** |
| Debtor. ) | |
| ) | Chapter 12 |
| ) | |

### JOINDER OF KEVIN R. MCCARTHY, CHAPTER 7 TRUSTEE OF
### PHILIP JAY FETNER, IN MOTION TO DISMISS AND REQUEST FOR BAR ORDER

Kevin R. McCarthy, through his undersigned counsel, in his capacity as Chapter 7 trustee (the "Chapter 7 Trustee") of Philip Jay Fetner ("Mr. Fetner") hereby submits this Joinder in the Motion to Dismiss and Request for Bar Order [docket no. 10] (the "Motion") filed by Wilmington Savings Fund Society, FSG, Not In Its Individual Capacity but solely as Trustee for BCAT 2017-19TT ("Wilmington Savings"). In support of the Motion and this Joinder, the Chapter 7 Trustee respectfully represents:

1.  On September 7, 2017 (the "Petition Date"), Mr. Fetner filed his individual voluntary petition under Chapter 11 of the Bankruptcy Code, Case No. 17-13036-KRK (the "Individual Case"), in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2.  Mr. Fetner's principal asset was his 100% ownership interest in PJF Limited Partnership (the "Debtor"). Mr. Fetner's ownership interest was 1% as the sole general partner, and 99% as the sole beneficiary of a family trust that owned the 99% limited partnership interests. Judge Kindred already has ruled that Mr. Fetner's bankruptcy estate is the sole beneficial owner of the Debtor. The Debtor's legal status was cancelled effective December 31, 2011 for failure to pay its annual registration fees. *See* Motion, Exhibit G. Because it was not

reinstated within five years from its cancellation, the Debtor cannot be reinstated. *See id.*; Va. Code § 50-73.52:7.

3. On June 13, 2019, the Court granted the United States Trustee's motion to convert Mr. Fetner's case to a case under chapter 7, and entered its *Order of Conversion from Chapter 11 to Chapter 7* (Indiv. Case. Dkt. # 225) (the "Conversion Order"). The Conversion Order was amended by order entered on June 24, 2019 (Indiv. Case Dkt. # 238).

4. The Chapter 7 Trustee was appointed as interim trustee. *See* Indiv. Case Dkt. # 230, 231; *see also* 11 U.S.C. § 701.

5. On May 14, 2020, the Chapter 7 Trustee filed his *Motion For Approval Of Settlements And Entry Of Bar Order*, [Indiv. Case Docket No. 294] (the "Global Settlement Motion"). The Global Settlement Motion sought approval of a global settlement between the Trustee and all of the defendants in the adversary proceeding No. 19-01039-KHK. The Court granted the Global Settlement Motion (*see* Indiv. Case Docket No. 302, the "Global Settlement Order") and granting the request for a bar order (*see* Indiv. Case Docket No. 303). As part of the Global Settlement Motion, among other things, one of the defendants who asserted a second position lien on the real property owned by the Debtor agreed to a carve-out in favor of the Mr. Fetner's individual bankruptcy estate.

6. On August 21, 2020, the Chapter 7 Trustee filed his *Motion for Approval of Settlement with Wilmington Savings; and Entry of Bar Order* [Indiv. Case Docket No. 321] (the "Wilmington Savings Settlement Motion"). Among other things, as part of such settlement Wilmington Savings agreed: to cap its claim at the amount of $2.1 million (plus post settlement legal fees and cost); to pay $30,000 by Wilmington Savings to Mr. Fetner's bankruptcy estate; to waive the right to receive any distribution from Mr. Fetner's bankruptcy estate. As the

Chapter 7 Trustee noted in the introduction to the Wilmington Settlement Motion: "Although no assurance can be offered that the foreclosure sale price will exceed the capped amount of Wilmington's claim, this process creates the possibility of a distribution in which the estate and other creditors may share."

7. The Court granted the Wilmington Settlement Motion, including a bar order that enjoined Mr. Fetner from, among other things, challenging the amount of Wilmington Savings' claim, or the scope or priority of Wilmington Savings' lien against the property. *See Order Granting Motion for Approval of Settlements* entered October 29, 2020 [Indiv. Case Docket No. 352] (the "Wilmington Settlement Order").

8. Mr. Fetner appealed both the Global Settlement Order and the Wilmington Settlement Order. The United States District Court for the Eastern District of Virginia has affirmed both orders. *See* Civil Action No. 1:20-cv-828 (AJT/MSN), docket no. 10 (entered February 5, 2021); Civil Action No 1:20-cv-1408 (AJT/MSN), docket no. 11 (entered April 22, 2021).

## STATEMENT IN SUPPORT OF MOTION

9. The Chapter 7 Trustee joins in the Motion and incorporates it by reference herein.

10. In addition to the arguments presented by Wilmington Savings, the Chapter 7 Trustee believes that dismissal of the Debtor's Chapter 12 petition is mandated because the Debtor has been dissolved under the law of the Commonwealth of Virginia, cannot be reinstated, and is precluded under law from conducting any business, other than winding down and liquidating its assets. Further, Mr. Fetner's litigation tactics, including the attempted pro se filing of the petition in this case, is damaging to creditors and parties in interest in his individual bankruptcy case. This is because Wilmington Savings is entitled to recover its post-settlement fees and costs ahead of any distribution to the Chapter 7 Trustee from the sale of the property.

11.     The status of the Debtor as a cancelled limited partnership makes reorganization impossible.  The existence of a Virginia limited partnership that fails to pay its annual registration fee on or before December 31 of the year assessed is automatically cancelled as of that day.  *See* Va. Code §§ 50-73.52:5(a); 50-73.69(b).  As shown by Exhibit G to the Motion, the Debtor's status as a limited partnership was cancelled effective December 31, 2011.

12.     Limited partnerships that are canceled for non-payment of are not permitted to continue business as usual; they are required to liquidate their assets and wind down their affairs:

> The properties and affairs of a limited partnership whose existence has been canceled pursuant to this section shall pass automatically to its general partners as trustees in liquidation. The trustees shall then proceed to (i) collect the assets of the limited partnership; (ii) sell, convey, and dispose of such of its properties as are not to be distributed in kind to its partners; (iii) pay, satisfy, and discharge its liabilities and obligations; and (iv) do all other acts required to liquidate its business and affairs. After paying or adequately providing for the payment of all its obligations, the trustees shall distribute the remainder of its assets, either in cash or in kind, among its partners according to their respective rights and interests.

Va. Code § 50-73.52:5(c); *see also* Va. Code § 50-73.49(5) (limited partnership is dissolved and its affairs shall be would up upon the automatic cancellation of its existence pursuant to § 50-73.52:5).

13.     A limited partnership that has ceased to exist may apply to the State Corporation Commission for reinstatement, but it must do so within five years of its cancellation.  *See* Va. Code § 50-73.52:7.  The Debtor did not seek reinstatement timely (or ever), and almost ten years have passed since it was cancelled.

14.     Further, transacting business in the Commonwealth as a limited partnership is unlawful unless the person is "either a domestic limited partnership or a foreign limited partnership authorized to transact business in the Commonwealth."  Va. Code s 50-73.10:1.

15.     Courts that have considered, in the context of chapter 11 cases, the ability of a cancelled limited partnership to reorganize have concluded that cancelled partnerships are not eligible to reorganize.  *See In re C-TC 9th Ave. Partnership*, 113 F.3d 1304, 1309 (2d Cir. 1997)

4

(affirming dismissal of chapter 11 case because dissolved partnership was prohibited from conducting business); *In re Hagerstown Fiber Ltd. Pshp.*, No. 98 B 41988(SMB), 1998 Bankr. LEXIS 1054 (Bankr S.D.N.Y. August 24, 1998) (dismissing chapter 11 case because debtor sought to use chapter 11 to reorganize despite termination of limited partnership under Maryland law). For this purpose, there is no identifiable distinction between chapter 11 and chapter 12.

16. The cancellation of the Debtor as a limited partnership was called to Mr. Fetner's attention prior to the conversion of his individual case to chapter 7. Since that time, he has continued to enjoy the use of the property owned by the Debtor, and has taken no action to wind down the affairs of the Debtor or liquidate its assets. Mr. Fetner's objective is to hold on to the property for his personal use and enjoyment as long as he can. His own filings in this case admit that he has continued to operate the business for many years following cancellation of the Debtor: "In 2015 and subsequently, Fetner began exploring with the owner of Mary's Alpaca combining certain operations with Coachman Farms to increase business and profitability." *See Petitioner's Expedited Motion for Temporary Stay of All Further Pleadings in this Matter Until Such Times As Are Established by the Order of this Court* [clerk's docket no 24] (the "Expedited Motion") at page 3. Mr. Fetner further states: "Fetner today is negotiating the financing to provide Mary's Alpaca with substantial funds for marketing the revolutionary plant food this year to the general public." *Id*. at page 4.

17. It is amply clear that the Debtor cannot be reorganized. This case should be dismissed.

18. The Chapter 7 Trustee reserves all rights and remedies against Mr. Fetner for filing the petition in this case, including without limitation seeking a contempt order for his

exercise of control over property of his individual bankruptcy estate in violation of 11 U.S.C. § 362(a)(3).

WHEREFORE, Kevin R. McCarthy, in his capacity as chapter 7 trustee for Philip Jay Fetner, requests that the Court grant the Motion, dismiss the above captioned case, and grant such other and further relief as is just.

Dated: May 12, 2021                                        Respectfully submitted,

*/s/ Bradford F. Englander*
Whiteford Taylor & Preston, LLP
Bradford F. Englander, Esq., VSB #36221
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile:  (703) 280-3370
Email: benglander@wtplaw.com

*Counsel for Kevin R. McCarthy, Chapter 7*
*Trustee for Philip Jay Fetner*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 12, 2021, I caused a copy of the foregoing Joinder to be served via the Court's Electronic Case Filing System on all parties requesting notice thereby in the above-captioned case, and by first-class mail, postage prepaid, and by e-mail, on the parties on the attached Service List.

                                                /s/ *Bradford F. Englander*
                                                  Bradford F. Englander

**Service by First Class United States mail**

Philip Jay Fetner
7476 Stoney Hill Lane
The Plains, VA 20198

And by e-mail to pjayfetner@aol.com